*E. R. STAMPS, Trustee, v. G. M. COOLEY and others.

*Landlord and Tenant—Lease, provision of—Contract—Equity,*
*relief by—Agency.*

1. A lease provided that, in case the lessee quit the premises during the term, or failed to pay the rent reserved, the improvements put on the premises by the lessee should become the absolute property of the lessor; and also, that at the expiration of the term the lessee should have the right to remove all the improvements put up by him upon complying with all the terms of the lease. The lessee failed to pay rent, and the lessor entered and took possession of the improvements; *Held,* in an action by the lessee for a violation of the provision allowing the removal of the improve-

---

*Mr. Justice MERRIMON having been of counsel did not sit on the hearing of this case.

ments, that he could not recover. A party exercising a legal right under a contract cannot be subjected to an action for damages for asserting it.

2. Equity never relieves against a penalty for the purpose of allowing an action for damages; so, in this case, if the forfeiture of the improvements be a penalty, equity will only relieve to the extent of allowing the lessee to remove them.

3. Where a party contracts as "agent" without disclosing his principal, *quære*, whether it is not his personal undertaking and to be so construed, although a jury find that he contracted as agent and not as principal.

CIVIL ACTION, tried at Fall Term, 1884, of WAKE Superior Court, before *Gudger, J.*

The action is to recover the value of certain improvements put upon a lot in the city of Raleigh.

Verdict and judgment for plaintiff, appeal by defendants.

*Messrs. Reade, Busbee & Busbee, J. W. Hinsdale, R. T. Gray* and *John Devereux, Jr.,* for plaintiff.

*Messrs. Pace & Holding, Fuller & Snow* and *E. C. Smith,* for defendants.

SMITH, C. J. The defendants, owners of a lot in the city of Raleigh, on September 11th, 1876, entered into an agreement with Timothy F. Lee, who affixes the word "agent" to his name in the beginning, and to his signature at the end of the instrument without further designation, for a lease of the lot for the term of five years, beginning on the first day of the next month, at an annual rent of $325, equal parts whereof were to be paid by the lessee at the end of each month, as it became due. The lessee contracts to surrender the premises to the lessors, defendants in this action, at the expiration of the term upon failure to pay the stipulated rent, in as good condition as when he enters into possession, to pay any excess of tax that may thereafter be levied over

that levied in 1876; and further, "that all improvements he, the said T. F. Lee, shall make or put, or cause to be put on said lot or property, shall be bound. for the payment of rent and taxes as above, with no right of said T. F. Lee to remove any of the said improvements from the premises, on his failure to pay as above, all of which shall become the property of the said Freeman and Cooley, upon the said T. F. Lee's failing to comply with the requirements of this lease."

The agreement after providing for the restoration of possession upon the lessee's neglect to pay the rent and excess in taxes, or his committing waste on the premises, contains this further clause :

"It is further understood and agreed that the said T. F. Lee shall have the right to remove such improvements as he may put on said property at the expiration of the lease, and his complying fully with the terms of the lease; *provided, however,* that no improvements shall be removed which would injure by such removal the property as it was before such improvements were made; and *provided further,* that all the improvements the said T. F. Lee shall put on said lot and property shall be and become the full and absolute property of the said Freeman and Cooley, should the said Lee quit the premises before the expiration of the lease."

"It is further understood and agreed that during the lease the said Lee shall have no right to remove any improvements put on said premises without consent of the parties of the first part (the lessors) obtained in writing."

The other provisions of the agreement are not material to the consideration of the matters involved in the appeal.

Under this arrangement Lee took possession of the lot, and, while using it, added to the capacity of the building, enlarging it from four to eleven rooms and made other improvements of considerable value, when after several years' occupation he surrendered the lot to C. L. Harris for the

wife of said Lee and in the spring of 1881 left the state for New Mexico. Rent was paid up to July of that year, since which none had been paid, when the defendants in summary proceedings against Lee, then absent, recovered judgment and under a writ of possession re-entered upon the lot, on the last day of September. On the same day a tender in writing was made by the attorney of the lessee, and a demand made for the return of possession in order that in a reasonable time thereafter the structures erected by the lessee might be taken away, he, the attorney, having then in gold coin a sum sufficient to discharge all due from the lessee.

The offer was declined, accompanied with the requirement for a surrender of the premises for the purposes aforesaid, but a willingness expressed to accept the rent as a separate proposition.

Thereupon the present suit was instituted for the recovering in damages the value of the improvements thus appropriated by the lessors.

Upon issues submitted to the jury, they find that Lee executed the agreement for the lease as agent for his wife V. B. Lee; that the rent due was $70.00 and the damages sustained by the lessee in being deprived of the opportunity of removing the improvements $1200.00, upon which sum is allowed interest from October 1st, 1881.

The action, as we understand the case made in the complaint, is brought upon the contract and for a violation of that provision in it which gives the right of removal of the structures built by or for the lessee, under the conditions prescribed, and the damages demanded are for the loss incurred in the denial of the right.

We pretermit an inquiry suggested upon an examination of the instrument creating the lease, whether the agreement in terms and upon its face does contain the individual obligation of the agent and so to be construed, notwithstanding the jury finding; and whether, if in fact made in be-

half of an undisclosed principal, it may not be still treated as the personal undertaking of the agent, as the authorities seem to indicate. Story Agency, § 267.

Waiving these difficulties and accepting the agreement as that of the alleged principal and to be binding, it is plain that the defendants in taking possession, given under the sanction of law, have only availed themselves of a right reserved in the contract to take back their property in its improved state upon breaches of the imposed conditions. The lease has an express provision that the new erections put up by the lessee, primarily for his own use, shall be bound for rents and excess in taxes, with no right in the lessee to remove any of them, " *on his failure to pay, as above, all of which shall be and become the property of the said Freeman and Cooley upon the said T. F. Lee's failing to comply with the requirements of this lease,*" among which is the obligation to pay punctually the accruing rents.

The lessee did not pay the rents due after July, and was in consequence ejected on the last day of the term.

The right to resort to this stringent measure of redress, upon breach of the contract is reserved to, and has been exercised by the lessors. The right of removal is not absolute, but is qualified and can be asserted only on " compliance with the terms of the lease," and hence not open to the lessee.

It is difficult to conceive how a party exercising a legal right, secured under contract, can be subjected to an action for damages for asserting it. It is a contradiction in terms that a right in the lessee is violated when the owners enter upon their lot by virtue of legal process after an adjudication against a party wrongfully holding, and in conformity with the terms of their lease.

But the plaintiffs contend that this provision that the lessors shall have the valuable structures put up before any failure to pay the rent, is but a penalty to secure it,

against which equity will give relief, and therefore this action may proceed as if it was put out of the way.

This may perhaps be regarded as a forfeiture intended only as a security to the lessors, against which the equitable powers of the court may be invoked, but until its interposition is asked in a proper proceeding, the matter remains as at law and depends upon legal principles. But a court of equity will not interfere for the mere purpose of exposing a party to an action for damages; nor, until it does so interfere, can the alleged forfeiture be treated as a nullity. Where application is addressed to the equitable jurisdiction of the court for relief against a penalty or forfeiture, which it is against conscience to enforce, the means of redress at law are gone, and the court undertakes to dispose of the controversy and do justice to both parties, upon principles pecular to its own mode of judicial procedure. It puts the legal obstacle out of the way, regards the real purpose of all in imposing the penal forfeiture, and requires both to do what they ought to have done. In the present case the invoked interposition would be in allowing further time to the lessee to make the separation and removal on his paying all that was due; and, if the removal had become impracticable, to give him in money the value of the privilege which had been lost. In ascertaining the amount of this sum, the inquiry would be, not how much in value the lot had been enhanced by the improvements, or how great the advantage to the owners, but how much has the defendant lost in being refused an opportunity to sever and remove them on the terms mentioned in the contract.

The suggestion is a novel one that because the forfeiture, if indeed it be a mere forfeiture, is one which a court of equity, when asked, would give relief against, it may be regarded as put out of the way and so admit a recovery in damages for an act lawfully done under the contract.

It may be that the form of the complaint may admit of

the measure of relief afforded in equity against the enforcement of such a forfeiture, or if not, that it might be so amended as to be such an application. But the cause has not been prosecuted, as if seeking such remedy, but in the form of an action at law, as for a violated agreement.

For the erroneous rulings in contravention of the law as declared in this opinion, the judgment must be set aside and a new trial ordered, and it is so adjudged. Let this be certified.

Error.                                    *Venire de novo.*