### H. F. CAUSEY v. G. M. ORTON AND CHARLES W. ORTON.

#### (Filed 19 April, 1916.)

**Fixtures, Trade—Landlord and Tenant—Leases—Liens.**

> Where a written lease of lands permits the lessee to erect poultry houses and inside poultry fences thereon, and to remove the same at the expiration of the lease, the lease is not restrictive, but in recognition of the lessee's right to remove the designated improvements as trade fixtures, whether put thereon and removed by the lessee, his sub-lessee, or by one with his approval or under his direction; and an order restraining to the hearing the removal of such fixtures before the expiration of the lease is improvidently granted. *Stamps v. Cooley*, 91 N. C., 316, where a lien is given by the contract of lease, cited and distinguished.

APPEAL by defendants from *Cline, J.*, at January Term, 1916, of GUILFORD.

*Brooks, Sapp & Williams for plaintiff.*
*R. C. Strudwick for defendants.*

CLARK, C. J.   This is an appeal from the continuance to the hearing of a restraining order against the removal by the tenant of certain trade fixtures placed on leased premises.

The defendant G. M. Orton was in possession under a three-year lease of the premises from the plaintiff. The said lease contained the following clause, whose construction presents the only question raised by this appeal:

"Ninth. It is agreed between the parties of the first and second parts that the party of the first part (G. M. Orton) is to have the privilege of erecting on said land poultry houses and inside poultry fences, and is further to have the privilege of removing same from said premises at the expiration of this contract."

The lessee permitted his son, C. W. Orton, to erect on the premises certain poultry houses and fences at his own expense, and prior to the expiration of the lease, in which there has been no default or arrearages

of rent, said son was proceeding to remove the said fixtures placed thereon by him with his father's permission.

The tenant, either by himself or his son, could remove any fixtures placed thereon by him prior to the expiration of the lease, and, indeed, these being "trade fixtures," they could be removed at the expiration of the lease. The above provision was in no wise restrictive of this right, but was in full recognition thereof. Indeed, if these had not been "trade fixtures," it was an extension till the expiration of the lease of the privilege to remove the fixtures designated if they had not been removed prior to that time. There was no contract to restrict to such time the removal. No benefit could accrue to the lessor from such restriction, since the lessee, or his agent or a sub-lessee, certainly had the right to remove any fixtures prior to the expiration of the lease, in the absence of any lien being given thereon by the contract of lease, as in *Stamps v. Cooley*, 91 N. C., 316.

We do not deem it necessary to cite authorities. The learned judge states, in his judgment, that he continued the restraining order because, being in some doubt about the matter, he thought that as the plaintiff had given a bond to cover any damages it would be better to restrain the other party until the opinion of this Court was expressed.

Such action, however, was improvident, and the order continuing the restraint is

Reversed.